# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 24, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ARNOLD MARCUM,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0924** (BOR Appeal No. 2051211)
(Claim No. 2013006289)

**CONSTELLIUM ROLLED PRODUCTS RAVENSWOOD,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Arnold Marcum, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Constellium Rolled Products Ravenswood, by James W. Heslep, its attorney, filed a timely response.

The issue on appeal is the proper date of last exposure in the claim brought by Mr. Marcum. This appeal originated from the January 3, 2013, claims administrator's decision holding the claim compensable for occupational pneumoconiosis and fixing the date of last exposure as October 30, 1990. Constellium Rolled Products appealed the decision and the Office of Judges issued an Order on November 13, 2014, which modified the date of last exposure to June 24, 2014. This Order was made final by the Office of Judges' Order dated March 21, 2016, reversing the claim's administrator's order dated July 12, 2013, and granting a 25% permanent partial disability award in the claim. Constellium Rolled Products appealed this final Order, also. The Board of Review considered both Orders from the Office of Judges in a consolidated opinion and adopted the reasoning and conclusions of the Office of Judges with the exception of those regarding the date of last exposure. On appeal, the sole issue is the appropriate date of last exposure.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Arnold Marcum, a maintenance foreman, filed an application for workers' compensation benefits alleging that he developed occupational pneumoconiosis as a result of exposure to occupational dust hazards in the course of his employment with Constellium Rolled Products. Mr. Marcum was employed by Constellium Rolled Products from 1966 until his retirement on June 24, 1998. On January 3, 2014, the claims administrator held Mr. Marcum's claim compensable for occupational pneumoconiosis and fixed Mr. Marcum's date of last exposure to the hazards of occupational pneumoconiosis as October 30, 1990.

On October 8, 2013, Mr. Marcum testified in a deposition that while employed as a maintenance foreman with Constellium Rolled Products, he was exposed to significant occupational dust hazards on a daily basis. Mr. Marcum testified that he only performed work on the fabrication side of the plant. Specific examples of his exposure to the hazards of occupational pneumoconiosis included fixing furnaces and working in an area with large "soaking pits." Mr. Marcum stated that they would work on cranes and large fans would blow air into the soaking pits, stirring up dust all day long. At the time of his employment, Constellium Rolled Products did not require its employees to wear safety masks. However, upon filling in as a relief worker after his retirement, Mr. Marcum noted that plastic covers had been placed over the soaking pits to prevent dust from being stirred up, as well as other improvements.

On March 13, 2014, Mike Merrifield, a Certified Industrial Hygienist employed by Constellium Rolled Products, authored an affidavit. Mr. Merrifield's affidavit covers the time period from October 31, 1990, through the date of Mr. Marcum's retirement, June 24, 1998. Mr. Merrifield noted that the nature of Mr. Marcum's employment within the maintenance department required that he perform work in several different areas of the plant, and he therefore included an analysis of data obtained from the "Fabrication West", "Hot Rolling", "Scalping", "Plate", and maintenance departments. Mr. Merrifield stated that the Occupational Safety and Health Administration (hereinafter "OSHA") performed a comprehensive inspection at Constellium Rolled Products from June of 1991 through October of 1991, with OSHA finding no evidence of occupational dust hazards associated with any of the departments referenced within the affidavit. He stated that the principal of representative sampling, which is sanctioned and mandated by OSHA, was used to extrapolate data for the entire time period covered by the affidavit. Mr. Merrifield further stated that the sampling data revealed average concentrations of hazardous substances so far below recognized exposure limits for the substances in question that Mr. Marcum was not exposed to any abnormal, harmful, or hazardous quantities of dust or any other substance during the time period covered by the affidavit. Finally, Mr. Merrifield stated that based upon his investigation of the work environment in the departments referenced in the affidavit; the results of dust level sampling; and his own personal observations, experiences, and training as an industrial hygienist, Mr. Marcum was not exposed to any abnormal, excessive, or harmful quantities of dust or any other substance after October 30, 1990.

On August 14, 2014, Mr. Merrifield testified in a deposition that nothing he had covered in his affidavit had changed. Mr. Merrifield had referenced October 30, 1990, as the date of last exposure because it was strictly a pattern used in the course of his employment. It was his opinion that after that date, there was no exposure to the hazards of dust. Mr. Merrifield did state that it was an error to say that Mr. Marcum did not work during the period of the labor strike that

lasted from October 30, 1990 through June 29, 1992. Mr. Marcum was a salaried employee and continued to work through the dispute, although Mr. Merrifield was unsure of how often. With regard to the data attached to his prior affidavit, Mr. Merrifield noted that there were 191 total fiber samples and seventy-nine total dust samples. These samples were from the departments referenced in his affidavit that he believed to be pertinent to Mr. Marcum's work schedule. Mr. Merrifield admitted that asbestos fibers were found in 1993, 1994, 1995, and 1996 in the maintenance areas. While Mr. Marcum would have been exposed to the fibers, Mr. Merrifield testified that the concentration was well below the limit set forth by OSHA. No fiber or asbestos samples were taken prior to September 9, 1993; however, Mr. Merrifield was comfortable with the accuracy of the samples as being representative of that time period.

In its Order modifying the January 3, 2013, claims administrator's decision, the Office of Judges held that Mr. Marcum's proper date of last exposure to the hazards of occupational pneumoconiosis is June 24, 1998. The Board of Review modified the Order of the Office of Judges and stated that Mr. Marcum's date of last exposure to the hazards of occupational pneumoconiosis to June 30, 1991. On appeal, Mr. Marcum asserts that the evidence of record demonstrates that he was exposed to the hazards of occupational pneumoconiosis until his last date of employment prior to his retirement, June 24, 1998.

The sole issue in the instant appeal concerns the identification of the proper date of Mr. Marcum's last exposure to the hazards of occupational pneumoconiosis. West Virginia Code of State Rules § 85-20-52.2 (2006) states:

> If the employer submits credible evidence demonstrating that it has been in compliance with OSHA and/or MSHA permissible exposure levels, as determined by sampling and testing performed in compliance with OSHA and/or MSHA regulations for the dust alleged by the injured worker, then the Commission, Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, may consider that the dust exposure alleged by the injured worker does not suffice to satisfy the exposure requirements of W. Va. Code §§23-4-1(b) and 23-4-15(b) only for the period(s) covered by the sampling or testing. In order for the evidence to be deemed credible, it must be based upon regularly scheduled exposure samples from each work area where harmful exposure has been alleged, which samples will be obtained by certified industrial hygienists as defined by OSHA and/or MSHA regulations or government agencies, and the samplings must be obtained during the period for which the employer is seeking to avoid chargeability.

The Office of Judges found that a preponderance of the evidence supported a date of last exposure as June 24, 1998. At a minimum, it had been admitted that Mr. Marcum did not cease work during the labor strike, but continued through its cessation on June 29, 1992. The Office of Judges noted that it accepted the principal of representative sampling but found that very few of

3

the samples submitted by Mr. Merrifield covered the maintenance department and none referenced the soaking pits that Mr. Marcum had referred to in his deposition. Further, the Office of Judges found that the varied samples submitted did not constitute regularly scheduled samples as required by West Virginia Code of State Rules § 85-20-52.2 and thus were deemed not credible. The Office of Judges concluded that Mr. Marcum did suffer exposure to abnormal quantities of dust up until the time he retired on June 24, 1998.

On September 1, 2016, the Board of Review issued an Order noting that it agreed with the analysis and conclusions of the Office of Judges with the exception of those regarding the date of last exposure, which the Board of Review found were clearly wrong in view of the reliable, probative, and substantial evidence of record. The Board of Review took note of Mr. Merrifield's conclusion that Mr. Marcum was not exposed to occupational dust hazards after October 30, 1990. However, the Board of Review found that Mr. Merrifield's affidavit did not provide any information regarding Mr. Marcum's exposure to occupational dust hazards from October 31, 1990, through June of 1991. The Board of Review also took note of a similar claim in *Vernon Marcum v. Constellium Rolled Products Ravenswood*, No. 15-0143 (W.VA. Supreme Court, November 4, 2015) (memorandum decision). This Court held that that although Mr. Vernon Marcum testified that he was exposed to the hazards of occupational pneumoconiosis until the date of his retirement, Mr. Merrifield's affidavit established that Mr. Vernon Marcum was not exposed to the hazards of occupational pneumoconiosis throughout the entirety of his employment with Constellium Rolled Products. Regarding the instant claim, the Board of Review adopted the same reasoning and found that when considering the evidentiary record and the principal of representative sampling, Constellium Rolled Products was in compliance with OSHA permissible exposure levels for respirable dust hazards from July 1, 1991, pursuant to the OSHA comprehensive inspection beginning in June of 1991, until Mr. Marcum's retirement on June 24, 1998. The Board of Review then concluded that Mr. Marcum's proper date of last exposure is June 30, 1991.

We agree with the reasoning and conclusions set forth by the Board of Review. Although Mr. Marcum testified that he was exposed to the hazards of occupational pneumoconiosis until the date of his retirement, Mr. Merrifield's affidavit establishes that Mr. Marcum was not exposed to the hazards of occupational pneumoconiosis throughout the entirety of his employment with Constellium Rolled Products. Mr. Merrifield's affidavit establishes that air quality sampling was performed in compliance with all OSHA regulations and was conducted using a methodology approved by the National Institute for Occupational Safety and Health. The results of the sampling reveal that Mr. Marcum was not exposed to the hazards of occupational pneumoconiosis after June 30, 1991.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

4

Affirmed.

**ISSUED: August 24, 2017**


**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker